UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURENE STENNETTE,

               Plaintiff,

               -v.-

NEW YORK DEPARTMENT OF
SOCIAL SERVICES HUMAN
RESOURCES ADMINISTRATION,

               Defendant.

22 Civ. 7747 (KPF)

**TRANSFER ORDER**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Maurene Stennette, who resides in Kennesaw, Georgia, brings this *pro se* action under the Court's federal-question jurisdiction, and sues the "New York Department of Social Services Human Resources Administration," which the Court understands to be the New York City Human Resources Administration ("HRA").[1]  She seeks damages.

    The Court construes Plaintiff's complaint as asserting claims of constitutional violations under 42 U.S.C. § 1983, brought under the Court's federal-question jurisdiction, and claims under New York State law, brought under either the Court's diversity or supplemental jurisdiction.  For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

---

[1]    Plaintiff has paid the fees to bring this action.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *Id.* § 1391(c)(1), (2).

Plaintiff's claims arise from the HRA's alleged failure to investigate the backgrounds of tenants for whom the HRA, or another New York City agency, paid subsidized rental payments. These payments were allegedly made to Plaintiff, the owner of a rental property located in Queens County, New York, so that the tenants could reside in that rental property. Plaintiff asserts that the HRA, or another New York City agency, incorrectly mailed rent-payment checks to Plaintiff at the rental property, instead of at her residence in Georgia, and that one of the tenants forged and fraudulently cashed those checks. She also alleges that she reported the fraud to the HRA, or to another New York City agency, but that no action has been taken by any city agency. Plaintiff further alleges that she has had to litigate in order to get the tenants evicted, and that the tenants severely damaged the rental property before vacating it.

The HRA, like every New York City agency, resides, for venue purposes, within both this judicial district, the Southern District of New York, and within the Eastern District of New York.[2]  *See Rain* v. *City of New York*, No. 22 Civ. 3354, 2022 WL 2612288, at *1 (S.D.N.Y. June 8, 2022) ("The City of New York resides in this judicial district as well as in the Eastern District of New York."); *Nimham-El-Dey* v. *Mission of the Immaculate Virgin*, No. 21 Civ. 8239, 2021 WL 5337227, at *2 (S.D.N.Y. Oct. 21, 2021) ("The City of New York, a municipal corporation, and the Board (now ACS), a New York City agency, reside in this judicial district and in the Eastern District of New York.").  Thus, under Section 1391(b)(1), this court and the United States District Court for the Eastern District of New York are both proper venues for this action.

Plaintiff also alleges that a substantial part of the events giving rise to her claims took place, and that the property that is the subject of this action is located, in Queens County, in the Eastern District of New York.  *See* 28 U.S.C. § 112(c).  Thus, under Section 1391(b)(2), the Eastern District of New York is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of

---

[2]   The Southern District of New York is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx (Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (Borough of Brooklyn), (2) Queens (Borough of Queens), (3) Nassau, (4) Suffolk, and (5) Richmond (Borough of Staten Island).  *See id.* § 112(c).

parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt* v. *N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co.* v. *LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this action. A substantial portion of the underlying alleged events occurred, and the property at issue is located, in Queens County, in the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located in that judicial district. Thus, the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This Order closes this action in this court. The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 19, 2022
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge